# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3515

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Northern District of Iowa. |
| | * | |
| Douglas Wayne Brandt, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: April 15, 2011
Filed: July 1, 2011

_____

Before WOLLMAN, GILMAN[1] and MELLOY, Circuit Judges.

_____

PER CURIAM.

Douglas Wayne Brandt pled guilty to one count of conspiring to defraud the United States, a violation of 18 U.S.C. § 371. The district court[2] sentenced Brandt to three months' incarceration, followed by three years of supervised release. The court also ordered Brandt to pay a $100 special assessment and $32,080 in restitution. Brandt's only argument on appeal is that the three-month sentence was unjust because

_____

[1]The Honorable Ronald Lee Gilman, Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

[2]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

(1) Brandt should have received a two-level offense reduction under U.S.S.G. § 3B1.2 because he was a minor participant in the conspiracy, and (2) incarceration was unnecessary under 18 U.S.C. § 3553(a).

We dismiss this appeal as moot because Brandt was released from custody on February 10, 2011. See Spencer v. Kemna, 523 U.S. 1, 6–7, 18 (1998) (declaring moot defendant's challenge to an allegedly erroneous parole revocation because defendant had already served his entire sentence and there was no ongoing Article III case or controversy). Additionally, Brandt did not assert any collateral consequences, nor are any apparent. Id. at 14–18 (noting that collateral consequences of parole revocation were deemed too speculative to overcome finding of mootness).

Accordingly, we dismiss this appeal as moot.

_____